UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| MARCUS PAUL | CIVIL ACTION NO. 5:14-cv-2304 |
|      LA. DOC #372106 | |
| VS. | SECTION P |
| | |
| | JUDGE S. MAURICE HICKS |
| WARDEN, UNION PARISH | |
| DETENTION CENTER | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

*Pro se* petitioner Marcus Paul, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on July 14, 2014. Petitioner attacks his 2009 convictions for possession of cocaine (over 28 but less than 200 grams), his adjudication as a second felony offender, and the concurrent sentences totaling 15 years imposed thereon by the First Judicial District Court, Caddo Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Statement of Facts*

On September 28, 2009, petitioner pled guilty to two counts of possession of cocaine (over 28 but less than 200 grams) and admitted to being a second felony offender. In return for these pleas he was sentenced to agreed upon sentences totaling 15 years at hard labor. [Doc. 1,

¶1-7, 1-2, p. 2] He did not appeal.[1]

On some unspecified date he filed *a pro se* application for post-conviction relief in the First Judicial District Court.  He apparently claimed that his plea was involuntary and that he received ineffective assistance of counsel because he was unaware that he would be ineligible to earn diminution of sentence by virtue of his adjudication as a second offender.  On some unspecified day in December 2012, his application was denied by the District Court. [Doc. 1, ¶9] He sought writs in the Second Circuit Court of Appeal and on February 7, 2013, that Court denied writs. *State of Louisiana v. Marcus Paul*, No. KH13-48153. [Doc. 1-2, pp. 1-2] He did not seek further review in the Louisiana Supreme Court. [See Doc. 1, ¶13(a), 15]

He signed the instant petition on July 7, 2014; it was received and filed on July 14, 2014.

## Law and Analysis

### 1. Limitations

Title 28 U.S.C. §2244(d)(1)(A) was amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

---

[1] Petitioner claims that he appealed [Doc. 1, ¶8]; however, upon further review of his pleadings [See Doc. 1, ¶9] it appears that he sought post-conviction relief and not an appeal. Indeed, under Louisiana law, by virtue of his plea, he waived his right to appeal all non-jurisdictional defects in the proceedings. *See State v. Crosby*, 338 So.2d 584 (La. 1976). Further, since an agreed upon sentence was imposed, he was statutorily prohibited from seeking review of his sentence. See La. C.Cr.P. art. 881.2(A)(2), "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea."

seeking such review..." 28 U.S.C. §2244(d)(1)(A).[2]

The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999);  *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period, as is the time between the termination of post-conviction proceedings and the filing of the federal petition.  *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir.1998).  Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. §2244(d)(1)(A)], thirty days following September 28, 2009 (the date that petitioner was sentenced)[3] or, on or about October 28, 2009.  Petitioner had one year from that date, or until October 28, 2010 to file his federal *habeas* petition.

It is unclear from the pleadings and exhibits whether petitioner can rely upon the tolling provision of Section 2244(d)(2) because he did not allege the date he filed his application; he did, however, claim that the application was denied in December 2012. [Doc. 1, ¶9(d)] It is highly

---

[2] Petitioner implies that he is entitled to calculate the limitations period as provided in Section 2244(d)(1)(B) (State created impediments to filing) or Section 2244(d)(1)(D) (discovery of the factual predicate of his claim). These claims are addressed in Part 2 below.

[3] See La. C.Cr.P. art. 914(b)(1) which provides, "The motion for an appeal must be made no later than [t]hirty days after the rendition of the judgment or ruling from which the appeal is taken."

unlikely that he filed his application prior to the October 28, 2010 deadline since if that were the

case, the application would have remained pending in the District Court for more than two years.

Nevertheless, even if petitioner were able to toll limitations from the date of his

conviction and throughout the pendency of his State post-conviction litigation, it is abundantly

clear that tolling ceased when the Second Circuit Court of Appeals denied writs on February 7,

2013 [Doc. 1-2, pp. 1-2] and thereafter, a period well in excess of one year elapsed before

petitioner filed the instant petition in July 2014.

### 2. Limitations – 28 U.S.C. §2244(d)(1)(B) and (D)

Petitioner implies that limitations should be reckoned as provided in Section

2244(d)(1)(B), "... the date on which the impediment to filing an application created by State

action in violation of the Constitution or laws of the United States is removed, if the applicant

was prevented from filing by such State action..." In support of this claim he alleged that he has

been incarcerated at the Union Parish Detention Center for more than 5 years and that the facility

lacks an adequate law library or trained inmate counsel.  Even if the inadequacies complained of

may be considered impediments to filing, the instant petition would still be untimely. This is so

because it must be assumed that petitioner had assistance of inmate-counsel to file his post-

conviction application and the subsequent application for writs in the Court of Appeals and thus

the impediments complained of were removed prior to the date petitioner's application was filed.

As shown above, more than one year elapsed untolled between the date the Court of Appeals

denied relief and the date petitioner filed the instant petition.

Petitioner also implies that limitations should be reckoned as provided in 2244(d)(1)(D),

that is,  from "... the date on which the factual predicate of the claim or claims presented could

have been discovered through the exercise of due diligence."  He further implies that he discovered his ineligibility for diminution of sentence on some unspecified date after he commenced serving the sentence. However, as shown above, even if that event occurred years after petitioner began serving his sentence, he was clearly aware of it at the time he filed his application for post-conviction relief and more than one year elapsed untolled between the Court of Appeal's judgment denying post-conviction writs and the date he filed his federal petition.

### 3. Equitable Tolling

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently  rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  As noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336,  127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

In short, the circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

### Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or**

the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, September 22, 2014.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**